IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLTON VAN SCOTT,

        Petitioner,                      No. 2:12-cv-1527 MCE KJN P

    vs.

SWARTHOUT,

        Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

I. <u>Introduction</u>

        Petitioner, a state prisoner, is proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims the Board of Parole Hearings ("Board") violated his due process rights because the transcript of the March 9, 2010 parole hearing did not include closing arguments or the discussion of petitioner's parole plans.

        Pending before the court is respondent's motion to dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. Petitioner filed an opposition, and respondent filed a reply. For the reasons stated below, the court recommends that respondent's motion to dismiss be granted.

////

////

II. Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). "Summary dismissal is appropriate only where the allegations are vague [or] conclusory or palpably incredible, . . . or patently frivolous or false." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (internal quotations and citations omitted).

Under the standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief may not be granted with respect to any claim adjudicated on the merits by the state court unless that state decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Even when a state court provides no reasons for its denial of the federal claim, a habeas petitioner may not obtain relief unless he shows "there was no reasonable basis for the state court to deny relief." Harrington v. Richter, 131 S. Ct. 770, 784 (2011). These standards are highly deferential to the state court's decision and "difficult to meet." Id. at 786.

III. Procedural Due Process Claims

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a

due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.).

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. Swarthout v. Cooke, 131 S. Ct. 859, 863 (2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002). However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 864. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id. at 864. Rather, the protection

afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Swarthout, 131 S. Ct. at 863-64.

In Swarthout, the United States Supreme Court reversed two Ninth Circuit decisions that had each examined the sufficiency of evidence supporting a determination that petitioner continued to pose a threat to public safety; in the first case, the Ninth Circuit had reversed the Board's denial of parole, Cooke v. Solis, 606 F.3d 1206, 1213 (2010); in the second case, the Ninth Circuit reversed the Governor's reversal of the Board's grant of parole, Clay v. Kane, 384 Fed. Appx. 544, 546 (2010). The Supreme Court reversed both judgments of the Ninth Circuit, holding that "[n]o opinion of [the Supreme Court's] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 860-61. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id. ("Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioner] received, not whether the state court decided the case correctly."). Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Swarthout, 131 S. Ct. at 862. Provided these procedural requirements are met, it is of no consequence that the final parole decision is made by the Governor rather than the Parole Board. Id. at 863.

On June 6, 2011, the Ninth Circuit held that the Governor is not required to hold a second parole suitability hearing before reversing the Board's determination that the prisoner was suitable for parole. Styre v. Adams, 645 F.3d 1106 (9th Cir. 2011).

Thus, "the beginning and the end of the federal habeas courts' inquiry" is whether petitioner received "the minimum procedures adequate for due-process protection." Swarthout,

4

131 S. Ct. at 862.  Here, petitioner does not contend that he was not present at the March 9, 2010 parole hearing, that he was not allowed to participate in the hearing, or that he was not provided with the reasons for the Board's decision to deny parole.  Rather, petitioner argues only that the March 9, 2010 parole hearing transcript was missing pages, and did not include petitioner's closing arguments or the discussion of his parole plans.  (Dkt. No. 13 at 2.)  "The only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly.  Stuart v. Carey, 442 Fed. Appx. 322 (9th Cir. 2011), citing Swarthout, 131 S. Ct. at 863.  Here, petitioner's claims do not implicate his right to due process.  The Supreme Court did not find that prisoners are entitled to a complete transcript of the parole hearing as part of the federal procedural due process analysis.  Id.  Rather, the Court found that the federal due process clause requires no more than that the prisoner be provided an opportunity to be heard at the parole hearing, and be given a statement of reasons why the Board denied parole.  As argued by respondent, the evidentiary bases of state parole decisions are not reviewable in federal habeas.  Id., 131 S. Ct. at 862-63.  Therefore, the court finds that petitioner's due process challenge is without merit, and respondent's motion to dismiss should be granted.[1]

////

////

---

[1] In his opposition, petitioner argues that the failure of the Board to authorize his release on parole violated his Eighth Amendment rights. (Dkt. No. 13 at 1-2.) Petitioner contends that since he was convicted in 1985, and sentenced to a prison term of 15 years to life, he has allegedly "served his sentence 'twice,' . . . [which] is cruel." (Dkt. No. 13 at 2.) The court is not required to consider claims that are raised for the first time in a reply, and expressly declines to do so. Cacoperdo v. Demosthenes, 37 F. 3d 504, 507 (9th Cir. 1994). In any event, such a claim is unavailing under Supreme Court authority. See Lockyer v. Andrade, 538 U.S. 63 (2003) (two consecutive twenty-five years to life sentences with the possibility of parole imposed for petty theft did not amount to cruel and unusual punishment); Ewing v. California, 538 U.S. 11 (2003) (holding that a sentence of twenty-five years to life imposed for felony grand theft under California's Three Strikes law did not violate the Eighth Amendment); United States v. Bland, 961 F.2d 123, 128 (9th Cir. 1992) (upholding a life sentence without possibility of parole for being a felon in possession of a firearm where defendant had an extensive criminal record).

VI. <u>Conclusion</u>

For all of the above reasons, IT IS HEREBY RECOMMENDED that this action be summarily dismissed.  Rule 4, Rules Governing Section 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 26 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vans1527.mtd